FILED

NOV 21 2000

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
         DEPUTY CLERK

1

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
                       AUSTIN DIVISION

UNITED STATES OF AMERICA  ) Docket No. A 99-CR-274 SS
                          )
v.                        ) Austin, Texas
                          )
GARY PAUL KARR            ) May 5, 2000


                       VOLUME 1 of 12
                       MOTIONS HEARING
             BEFORE THE HONORABLE SAM SPARKS

APPEARANCES:

For the United States:      Mr. Robert Pitman
                            Assistant U.S. Attorney
                            816 Congress Avenue, Ste. 1000
                            Austin, Texas 78701




For the Defendant:          Mr. Thomas W. Mills, Jr.
                            Ms. Christi N. Williams
                            Mills & Presby
                            5910 North Central Expressway,
                            Ste. 900
                            Dallas, Texas 75206-5141




Court Reporter:             Lily Iva Reznik, RPR, CRR
                            United States Courthouse
                            200 West 8th Street
                            Austin, Texas 78701
                            Ph: (512)916-5564




Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

```
 1          THE COURT:  99-CR-247, United States of America vs.
 2   Gary Paul Karr.
 3          MR. PITMAN:  Robert Pitman for the United States, your
 4   Honor.
 5          MR. T. MILLS:  Tom Mills for Mr. Karr.
 6          THE COURT:  Counsel, I seem to get daily motions from
 7   Mr. Mills.  I've got motion for discovery and Brady material,
 8   motion for production of photographs, motion for production of
 9   expert witnesses.  Information, of course, I will grant, the
10   latter discovered in a scheduling order.  And I'm sure the
11   government -- they're not going to indict him on opinions
12   collateral to that order.
13          MR. PITMAN:  The reason I filed those, your Honor, I
14   believe it is -- I know it's covered in your standing
15   discovery order.  Those are two matters, I guess, out of,
16   probably, hundreds of items of discovery that have remained in
17   dispute.
18          THE COURT:  All right.  We'll hear those this morning.
19                         *        *        *
20          THE COURT:  I recall 99-274, United States of America
21   vs. Gary Karr.  Take up your motions up whatever order you
22   wish.
23          MR. T. MILLS:  Yes, sir. One of the motions is for
24   the production of photographs of a prosecution witness.  The
25   prosecution witness is basically going to be testifying that
```

```
 1   she witnessed certain acts that took place.
 2            THE COURT:  Does this witness have a name?
 3            MR. T. MILLS:  Yes, sir.
 4            THE COURT:  What is the name?
 5            MR. T. MILLS:  Patti Jo Steffens.
 6            THE COURT:  Okay.
 7            MR. T. MILLS:  And she is going to be testifying that
 8   she was in fear of a codefendant -- not a codefendant, a
 9   coconspirator, Mr. David Waters, and that she saw things that
10   are incriminating against Mr. Waters and Mr. Karr.  The
11   photographs show her in vary -- in Mr. Waters' apartment in
12   various -- engaged in voluntary sexual poses, and we believe
13   that these are inconsistent with the witness who is planning
14   to be in mortal fear of the individual whose apartment she is
15   in with another man.
16            We think that we're entitled to them under Rule 16.
17   We don't think that the prosecution at this time can say we
18   can't even have copies of them because they are not
19   admissible.  We think that we, at least, have the right to
20   look at them, see what's in the pictures, what's in the room,
21   what the context of it is.  We certainly aren't going to make
22   them public, and then, the admissibility of them would be
23   second stage.
24            THE COURT:  Government?
25            MR. PITMAN:  Your Honor, I think that the photographs,
```

1   such as they are, have dubious relevance to this case in any
2   event.  There's an allegation in the motion that these
3   photographs date in or around the time of the offense in which
4   case we -- the government would contend that even then, they
5   have no relevance.
6           I could tell the Court that the photographs -- the
7   majority of the photographs are dated and date better than
8   three years after the offense in this case.  There are some
9   photographs that dates about a little over one year.
10          THE COURT:  What is the problem of even showing them?
11  I mean, as long as they stay in your possession and that's to
12  let counsel look at them and decide what strategy, if any,
13  he's going to do?  Then, of course, they would be available at
14  trial.
15          MR. PITMAN:  Your Honor, they've already been
16  available in discovery when they came over to our office.
17  This motion asks for copy -- photocopies, and because of the
18  nature of the photographs, we are resisting that.  But they
19  certainly would like to view the photographs.
20          THE COURT:  All right.  I appreciate the government's
21  feelings towards my sensitivities, but I've seen bad
22  photographs come into evidence.
23          MR. PITMAN:  Not you.  To be released to the defense,
24  your Honor.
25          THE COURT:  What do you need copies for?  You know

1   what they are.
2           MR. T. MILLS:  We haven't seen them.  We did not see
3   them.
4           THE COURT:  Well, now you've got an invitation.
5           MR. T. MILLS:  All right.
6           THE COURT:  You can go see them till your -- I'm not
7   going to use the word "satisfied."  When you're through seeing
8   them, then you know where they are.  Mr. Pitman's not going to
9   lose them.  If it comes up during trial, we'll have them
10  available.
11          MR. T. MILLS:  Yes, sir.
12          THE COURT:  All right.
13          MR. T. MILLS:  All right.  Next topic.
14          THE COURT:  Is that satisfactory with you?
15          MR. T. MILLS:  Yes, sir.  If it turns out that I have
16  a valid argument why I should have them pretrial, I'll perhaps
17  reapproach the Court.
18          THE COURT:  All right.
19          MR. T. MILLS:  But there are several witnesses that
20  have been prisoners in a cell block -- I don't know if that's
21  the right word but in jail with Mr. Karr -- who are going to
22  testify against Mr. Karr and say that he made incriminating
23  statements to them.  I think there are three of them.  There
24  may just be two.  There may be more.
25          Under your rule about giving us copies of impeachment

1   material, prior records, criminal records of defense
2   witnesses, we want those -- we want their criminal records
3   because we want to not only -- we want to look at their
4   backgrounds and try to impeach it.
5           THE COURT:  Do these folks have names, too?
6           MR. T. MILLS:  I do not know their names.  I may -- I
7   mean, I could guess, but I don't know for sure.
8           MR. PITMAN:  Your Honor, it is our intention to
9   disclose both the identity of witnesses, general material and
10  material histories the Friday before trial.  It is our
11  customary practice and is well in advance of our statutory
12  duty to the provision of witness materials.
13          The reason in this case that Mr. Carruth has not
14  provided those is because there have -- we have information
15  from a relative of one of the witnesses in this case.  They've
16  been contacted and threatened in association with their
17  testimony in this case.  So we believe it's especially
18  important to preserve, as long as we can, the identity of
19  witnesses.  We will gladly give all witness materials, as I
20  said, the Friday before, and they will have plenty of time --
21  the criminal histories as set --
22          THE COURT:  You have 120 witnesses, we're going to
23  start on the 15th, and you'll give them three days in advance.
24  If they've already been threatened, that means he knows who it
25  is.  Give you till Monday, this Monday.

1        MR. PITMAN:  Yes, sir.
2        THE COURT:  And, you know, we're talking about the
3   abstract.  I still don't -- he says he doesn't know who you're
4   talking about.  So my suggestion is the two of you get
5   together and see what you're talking about.  And Mr. Pittman
6   is not going to misrepresent anything.  Get those statements
7   Monday.  I'll give you a week this Monday.
8        MR. T. MILLS:  Thank you.
9        THE COURT:  Now, Brady material.  Is there anything
10  particular there or is that just part of this?
11       MR. T. MILLS:  That was just part of the same one.  We
12  are working together on providing a jury questionnaire.  When
13  would you like to see our product to review?  We don't have it
14  right now.  We can have it soon.
15       THE COURT:  I have a Fifth Circuit conference Monday,
16  Tuesday and Wednesday, and I'm making a speech for the state
17  bar and CLE course on the 11th.  I have a full day on the
18  12th, but I guess it will be on the 12th.  Might be a good
19  idea to have everything ready anyway.
20       MR. T. MILLS:  I think we can certainly do that.
21       THE COURT:  All right.  I was trying to see if --
22  we've got the injunction suit at 10:00 and an injunction suit
23  at 11:00.  Complex set of hearings at 2:00.  I was thinking if
24  you could arrange with Mr. Karr on the waiver, we could
25  probably do this by telephone.  You wouldn't have to come to

1   Austin unless you're going to be here anyway.
2           MR. T. MILLS:  All right.  I'm sure we could do that.
3           THE COURT:  Well, it's your choice.
4           MR. T. MILLS:  Yes, sir.
5           THE COURT:  If you want to do it by telephone
6   conference, then be sure you have a waiver of Mr. Karr's
7   presence there in this telephone conference on file,
8   otherwise, we'll do it at 3:00, on the 12th.
9           Now, counsel, because of the nature of the allegations
10  in this case, I've got 250 jurors coming.  It's going to cost
11  the taxpayers about $15,000.  Now, if there are any changes in
12  anything about going to trial on the 15th, I want to know
13  about it, because I hate for you and Mr. Pitman to have to pay
14  for it.
15          MR. T. MILLS:  Indeed.  May we be excused?
16          THE COURT:  Yes, sir.
17      (Proceedings adjourned.)

*LILY I. REZNIK*
*UNITED STATES DISTRICT COURT*
*WESTERN DISTRICT OF TEXAS (AUSTIN)*