```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TEXAS
                   AUSTIN DIVISION

UNITED STATES OF AMERICA,         ) AU:99-CR-00274(1)-LY
                                  )
   Plaintiff,                     )
                                  )
V.                                ) AUSTIN, TEXAS
                                  )
GARY PAUL KARR,                   )
                                  )
   Defendant.                     ) AUGUST 28, 2020

         *********************************************
            TRANSCRIPT OF SENTENCING STATUS CONFERENCE
                         BY TELEPHONE
               BEFORE THE HONORABLE LEE YEAKEL
         *********************************************

APPEARANCES:

FOR THE PLAINTIFF:    DANIEL D. GUESS
                      MATT HARDING
                      UNITED STATES ATTORNEY'S OFFICE
                      903 SAN JACINTO BOULEVARD, SUITE 334
                      AUSTIN, TEXAS 78701

FOR THE DEFENDANT:    HORATIO R. ALDREDGE
                      FEDERAL PUBLIC DEFENDER'S OFFICE
                      504 LAVACA STREET, SUITE 960
                      AUSTIN, TEXAS 78701

COURT REPORTER:       ARLINDA RODRIGUEZ, CSR
                      501 WEST 5TH STREET, SUITE 4152
                      AUSTIN, TEXAS 78701
                      (512) 391-8791




Proceedings recorded by computerized stenography, transcript
produced by computer.
```

| | | |
|---|---|---|
| 10:59:51 | 1 | (In chambers) |
| 10:59:51 | 2 | THE COURT:  We're here today to discuss |
| 11:00:10 | 3 | Cause 99-CR-274, *United States v. Karr*, which you're -- if you |
| 11:00:18 | 4 | didn't have enough problems with the coronavirus, you now have |
| 11:00:21 | 5 | a new one, and that is that I now have this case.  And so I |
| 11:00:26 | 6 | will be dealing with it instead of Judge Sparks. |
| 11:00:28 | 7 | So let me start with the government -- or, actually, |
| 11:00:35 | 8 | with the defendant, and tell me who we've got on the line, |
| 11:00:38 | 9 | please. |
| 11:00:39 | 10 | MR. ALDREDGE:  Horatio Aldredge for Mr. Karr. |
| 11:00:41 | 11 | THE COURT:  And for the government, now? |
| 11:00:43 | 12 | MR. HARDING:  Matt Harding and Dan Guess for the |
| 11:00:47 | 13 | government, Your Honor. |
| 11:00:48 | 14 | THE COURT:  All right.  Thank you-all. |
| 11:00:49 | 15 | Since, I received this case recently and have done |
| 11:00:53 | 16 | somewhat of a review of it -- |
| 11:00:56 | 17 | And you might want to mute your phones.  I'm getting |
| 11:00:59 | 18 | some background squealing and stuff.  You can unmute when you |
| 11:01:03 | 19 | speak. |
| 11:01:03 | 20 | Trying to come up to speed on what we have here and |
| 11:01:07 | 21 | figure out what you've done and what you might want to do, I've |
| 11:01:11 | 22 | got several questions I wanted to ask.  So I look on this as a |
| 11:01:16 | 23 | status conference, not really something where we're going to |
| 11:01:19 | 24 | resolve a whole lot of things. |
| 11:01:21 | 25 | So let me start, because.  Obviously going back to |

| | | |
|--|--|--|
| 11:01:27 | 1 | 1999, there's a rather lengthy docket sheet in this case.  It |
| 11:01:31 | 2 | really kind of picks up speed, you know, by the time we get to |
| 11:01:36 | 3 | Document Number 167, which was in January of this year.  But |
| 11:01:40 | 4 | let me address this to Mr. Aldredge:  Mr. Aldredge, what is |
| 11:01:44 | 5 | your live pleading, because I see there were, you know, things |
| 11:01:54 | 6 | styled request for this and request for that.  What is your |
| 11:01:57 | 7 | live pleading that this Court will take up at the appropriate |
| 11:02:01 | 8 | time in this case? |
| 11:02:04 | 9 |       MR. ALDREDGE:  Well, I think the only live pleading I |
| 11:02:10 | 10 | have is a motion for appointment of co-counsel.  I'm hoping |
| 11:02:15 | 11 | that the Court will appoint Christie Williams to be my |
| 11:02:20 | 12 | co-counsel for resentencing, if that's where we end up.  Right |
| 11:02:26 | 13 | now the setting is for a resentencing after his two life |
| 11:02:30 | 14 | sentences under 3559(c) were vacated after the government |
| 11:02:36 | 15 | conceded.  So right now what we're facing is resentencing I |
| 11:02:43 | 16 | guess in January. |
| 11:02:44 | 17 |       And since Ms. Williams was cocounsel at trial and is |
| 11:02:50 | 18 | obviously very familiar with the case and the record, and |
| 11:02:54 | 19 | equally has rapport with the client, she has the client's full |
| 11:02:59 | 20 | trust and confidence, I'm hoping to get her appointed to help |
| 11:03:05 | 21 | me out.  I'm going to have to rely on her, and I feel like she |
| 11:03:09 | 22 | ought to get paid for her work for this highly unusual |
| 11:03:13 | 23 | circumstance.  You know, I've never seen such a request by the |
| 11:03:17 | 24 | public defender other than a potential capital case where |
| 11:03:23 | 25 | statute authorizes additional counsel. |

| | | |
|---|---|---|
| 11:03:25 | 1 | So that's where we are.  I will say the -- after |
| 11:03:30 | 2 | having said all that, that the government and I have talked |
| 11:03:34 | 3 | about a settlement, and that is a possibility.  But I don't |
| 11:03:40 | 4 | know if that's going -- if we're going to get anywhere on that. |
| 11:03:44 | 5 | THE COURT:  So the answer to my question is:  The |
| 11:03:46 | 6 | only live motion is to appoint co-counsel with you? |
| 11:03:51 | 7 | MR. ALDREDGE:  That's right. |
| 11:03:52 | 8 | THE COURT:  All right.  Now, when I read what the |
| 11:03:55 | 9 | Circuit did, it appeared the Circuit, their order is pretty |
| 11:04:03 | 10 | simple and to the point where -- hold on just a minute. |
| 11:04:27 | 11 | All right.  The Circuit merely said -- if the latest |
| 11:04:33 | 12 | order we have from them is their order which was filed on |
| 11:04:43 | 13 | January 17th, 2020, it appears all they said, they didn't say |
| 11:04:50 | 14 | anything specifically about resentencing or ordering that. |
| 11:05:01 | 15 | They cite *Davis* and other cases, and say:  Accordingly, Karr |
| 11:05:06 | 16 | has made a *prima facie* case that his claims are based on new |
| 11:05:07 | 17 | and retroactive rule of constitutional law under 2255(h)(2). |
| 11:05:12 | 18 | That does not necessarily send the case back to this |
| 11:05:18 | 19 | court for resentencing.  It appears to say that Mr. Karr can |
| 11:05:26 | 20 | file a subsequent *habeas* petition under 2255. |
| 11:05:29 | 21 | So did Judge Sparks presume that all that is in the |
| 11:05:32 | 22 | case is to resentence?  Do you presume that?  Does the |
| 11:05:37 | 23 | government presume that?  Or at some point am I going to get a |
| 11:05:43 | 24 | specific 2255 petition that requests me to do certain things? |
| 11:05:53 | 25 | MR. ALDREDGE:  Your Honor, based on Mr. Karr's *pro se* |

```
11:06:01   1   petition and the government's -- I'm sorry -- the Circuit's
11:06:06   2   order that you just referenced, I did file an amended 2255.
11:06:11   3              THE COURT:  Then that was my question, Mr. Aldredge.
11:06:15   4   That was the initial question before I heard all the other
11:06:19   5   things you wanted to share with me.  What is your current live
11:06:21   6   pleading?
11:06:24   7              MR. ALDREDGE:  Your Honor, the petition has been
11:06:26   8   granted.  I don't know that it -- once it's granted, is it no
11:06:29   9   longer live?
11:06:31  10              THE COURT:  All right.  So we're just going to
11:06:36  11   proceed without specific requests from the defendant; is that
11:06:39  12   correct?  I'm just trying to get my hands around what you're
11:06:43  13   asking for here.  So is everybody --
11:06:45  14              MR. HARDING:  Your Honor?
11:06:47  15              THE COURT:  Is everybody comfortable with what we're
11:06:50  16   going to do is resentence on counts four and five?
11:06:57  17              MR. HARDING:  Your Honor, this is Matt Harding.
11:06:59  18              Mr. Aldredge did file a 2255, and we did respond to
11:07:03  19   it.  That's docket entry 176 in 99-CR-274.  Our response
11:07:09  20   conceded that counts two and three, the sentences had to be
11:07:13  21   vacated.  And so they're in an order, which is entry 177, that
11:07:18  22   was dismissing an original 2255, granting his amended 2255, and
11:07:27  23   then docket entry 178, there's a judgment dismissing his 2255,
11:07:34  24   granting his amended motion, and vacating those sentences,
11:07:39  25   Your Honor.
```

```
11:07:40   1              So I believe that Mr. Aldredge is technically
11:07:44   2   correct, that essentially there is no further live pleadings,
11:07:47   3   but there is an order by the court setting resentencing.
11:07:50   4              THE COURT:  See how easy that was?  That's all I
11:07:52   5   wanted to know.  What I'm trying to do is get us all on the
11:07:59   6   same page as to where we are at this moment and what we're
11:08:02   7   going to do.
11:08:02   8              Now, I'll start with that order, and that brings us
11:08:09   9   to your motion to appoint additional counsel.  Let me just say
11:08:19  10   something.  I don't try to get too preachy on this, but you're
11:08:23  11   going to hear it more and more often.  I really want everybody
11:08:31  12   in criminal cases -- and I say this to civil lawyers, too -- to
11:08:34  13   take more time with your work.  You may think typos don't mean
11:08:37  14   much, but what they say to the Court is:  If you don't proof
11:08:42  15   your own work, then it's an indication that you don't think
11:08:46  16   it's important enough to proof, so why should I think that your
11:08:52  17   work is important that you're presenting to me?
11:08:55  18              And so, you know, when I sit down with a cold file
11:09:00  19   like this that I haven't been involved in since 1999, like
11:09:03  20   Judge Sparks was, and I read a motion to appoint co-counsel
11:09:08  21   that says the case is set for resentencing on January the 4th,
11:09:12  22   2011, I just immediately wonder what's going on in the case.
11:09:18  23   So I'm presuming you mean 2021, because that's what the order
11:09:24  24   said.  But it's a whole lot more helpful to the court if you
11:09:28  25   get it right the first time.
```

```
11:09:30   1              So my question, then, is:  Does this case have to
11:09:34   2   wait until January of 2021 to have a sentencing hearing in it,
11:09:41   3   or can we do it before that?  What led in and what contact did
11:09:46   4   you have with Judge Sparks that led up to the order that
11:09:51   5   Mr. Harding references that set this as far off as
11:09:55   6   January the 4th of 2021?
11:10:02   7              MR. ALDREDGE:  Well, we had discussion with a law
11:10:06   8   clerk who had indicated that we needed additional -- we needed
11:10:09   9   time to discuss a settlement on the one hand.  And, secondly,
11:10:17  10   it was our belief based on an anecdotal evidence that there was
11:10:22  11   no chance that the Bureau of Prisons would be able to transport
11:10:29  12   him here within a couple of months -- you know, within two or
11:10:34  13   three months anyway.
11:10:36  14              So why not set it out to -- our thinking was why not
11:10:40  15   set it out to a point where we have ample time for all of that
11:10:45  16   to happen and we can figure out whether or not, you know, we're
11:10:49  17   going to reach a settlement.  And, if not, then we'll have, you
11:10:54  18   know three months to -- you know, say hopefully by October 1st,
11:10:59  19   we can notify the Court that no settlement has been reached,
11:11:02  20   and that way the marshals and the BOP will have three months'
11:11:07  21   notice to get him here.  That was our thinking.
11:11:11  22              THE COURT:  Does the government concur in that?
11:11:14  23              MR. HARDING:  Yes, Your Honor.  We would like to have
11:11:16  24   time to reach a settlement.  And given the current
11:11:19  25   circumstances, we do believe that transporting Mr. Karr here
```

```
11:11:23   1   could take a substantial amount of time, Judge.
11:11:25   2              THE COURT:  Have you had any direct contact with the
11:11:28   3   Bureau of Prisons or the Marshals Service on when that could
11:11:33   4   occur?
11:11:39   5              MR. HARDING:  I have not, Your Honor.
11:11:40   6              MR. ALDREDGE:  No.
11:11:41   7              THE COURT:  Well, I don't have a big problem with
11:11:45   8   doing it in January.  I will look at my calendar and see if I
11:11:48   9   think the 4th is a realistic date, but we can do it sometime
11:11:59  10   around January 4th.  But, in the interim, in and around any
11:12:02  11   discussions that you may be having about this case, somebody
11:12:08  12   talk with the marshals or the Bureau of Prisons and try to find
11:12:14  13   out, if there is not a satisfactory agreement reached between
11:12:20  14   the two of you, what are the logistics of getting him down here
11:12:25  15   and how much advance notice do they absolutely have to have
11:12:31  16   before the January date to transport.
11:12:40  17              MR. HARDING:  We will do that, Judge.
11:12:42  18              MR. ALDREDGE:  Very well.
11:12:46  19              THE COURT:  All right. Okay.  So if we're going to
11:12:58  20   resentence as to counts four and five -- let's presume you
11:13:01  21   don't reach an agreement -- do you anticipate the probation
11:13:09  22   department issuing a new presentence investigation report for
11:13:16  23   use at the new sentencing hearing?
11:13:19  24              MR. HARDING:  From the government's perspective,
11:13:21  25   Judge, first off, it's counts two and three that have been
```

```
11:13:24   1  vacated.
11:13:24   2             THE COURT:  Well, that's -- I thought I said that.
11:13:26   3  We're going to resentence on four and five.  That's what -- oh,
11:13:30   4  two and three.  I'm sorry.  All right.  Two and three -- no.
11:13:37   5  Two and three have been vacated, so we're going to resentence
11:13:41   6  on this case that just has four and five in it now; is that
11:13:46   7  right?
11:13:47   8             MR. HARDING:  No, Judge.  The issue in the case -- a
11:13:50   9  little background might be helpful.
11:13:53  10             THE COURT:  Yeah.  Give me the background, because I
11:13:54  11  read that as saying those were knocked out for purposes of
11:13:58  12  sentencing.  So go ahead.
11:14:00  13             MR. HARDING:  The conviction stands, but the sentence
11:14:02  14  is vacated.  And, essentially, under the -- under earlier law,
11:14:07  15  there was sort of a three strikes rule, which is if you were
11:14:10  16  convicted of certain kinds of crime and you have three of them,
11:14:14  17  then you were given a mandatory life sentence under certain
11:14:18  18  circumstances.
11:14:19  19             After *Davis*, after the categorical approach after
11:14:23  20  *Johnson*, we concede that he no longer has the three predicate
11:14:28  21  offenses that would require a mandatory life sentence.  And so
11:14:31  22  now two and three -- the mandatory life sentence that he
11:14:37  23  received under two and three have to be vacated, but he will be
11:14:40  24  sentenced under those because there's nothing wrong with the
11:14:42  25  conviction.
```

| | | |
|---|---|---|
| 11:14:43 | 1 | THE COURT: Okay. I'm with you. I apologize. |
| 11:14:46 | 2 | So do you anticipate -- I guess you do a new |
| 11:14:49 | 3 | presentence investigation report; is that correct? |
| 11:14:52 | 4 | MR. HARDING: Certainly there would need to be an |
| 11:14:55 | 5 | adjustment to guideline range and things of that nature.  But |
| 11:14:58 | 6 | the underlying facts, you know, I don't believe there's |
| 11:15:01 | 7 | anything in the defense's motion that would require new |
| 11:15:03 | 8 | fact-finding or anything along those lines.  I think the facts |
| 11:15:08 | 9 | at sentencing, to the extent they were established, would |
| 11:15:10 | 10 | stand.  But in terms of 3553(a) factors, in terms of the |
| 11:15:14 | 11 | guidelines, I think those would be the more pertinent things |
| 11:15:17 | 12 | for the PSR to address. |
| 11:15:19 | 13 | THE COURT: Well, it is.  But if I am conducting a |
| 11:15:23 | 14 | new sentencing hearing, I want you-all in agreement on what |
| 11:15:29 | 15 | presentence investigation report I am to examine, because we're |
| 11:15:33 | 16 | going to resentence.  And the existing one was rendered some |
| 11:15:39 | 17 | years ago; it has new numerous addendums and items in it.  It |
| 11:15:45 | 18 | seems to me that it might be more efficient that, even though |
| 11:15:51 | 19 | the factual basis, as you discuss, and the facts contained in |
| 11:15:59 | 20 | there might not be new, it might just be the old prose that is |
| 11:16:03 | 21 | brought forward, it seems to me that it might be clearer at the |
| 11:16:10 | 22 | sentencing hearing and clearer on any appeal by either the |
| 11:16:17 | 23 | government or the defendant that might arise out of that, if |
| 11:16:20 | 24 | it's absolutely clear what is relied upon. |
| 11:16:22 | 25 | I've been doing this long enough to know that a lot |

11:16:25  1  of times at sentencing hearings, the path is not as clear to
11:16:29  2  the Court and later to the appellate court as it is to each
11:16:34  3  side or the other.  And I'm in the process right now of writing
11:16:40  4  a clarification of a sentence that I made because the
11:16:44  5  government on appeal said they were uncertain as to how I
11:16:49  6  arrived at my sentence.
11:16:50  7          I have reread the record, and I find no question of
11:16:54  8  clarity, and I can't for the life of me explain why the
11:16:59  9  government couldn't follow it.  But that apparently is what's
11:17:03 10  going on now, and I don't want to get down the line in this
11:17:09 11  case and it get to the Circuit, and somebody said:  Well, we
11:17:12 12  don't know what the court considered from the probation
11:17:15 13  department when the court accepted and adopted a presentence
11:17:18 14  investigation report and then proceeded to follow it.
11:17:21 15          So I just want you to think about that, because --
11:17:25 16          MR. HARDING:  Yes, sir.  I'll get with Mr. Aldredge.
11:17:27 17          THE COURT:  -- that's, you know, a problem that
11:17:30 18  apparently is going to come up anew now that I haven't had.  So
11:17:34 19  I want to make sure we're looking at it.
11:17:37 20          Also, it's pretty clear that we may not be applying
11:17:41 21  the guidelines as they existed in 1999 in this case.  You
11:17:47 22  addressed that, Mr. Harding, when you said there would have to
11:17:49 23  be some updating on that.  I want it made absolutely clear in
11:17:53 24  the presentence investigation report, or however we work that
11:17:57 25  out, which guidelines are being applied to the sentencing on

```
11:18:04   1    which counts.
11:18:09   2              And then I'm going to want to hear from you-all
11:18:12   3    whether you agree well before we have a sentencing hearing that
11:18:15   4    the probation department is evaluating a guideline sentence in
11:18:21   5    this case based on additions of the guidelines that you agree
11:18:27   6    on.
11:18:27   7              Do you understand that?
11:18:33   8              MR. HARDING:  Yes, sir, Judge.  I think Mr. Aldredge
11:18:36   9    mentioned earlier filing an advisory with the court about
11:18:37  10    whether we reached a settlement.  I think there might be other
11:18:40  11    issues we can include in that advisory, to the extent we can
11:18:42  12    agree on those issues, and that way it will give the Court
11:18:46  13    several months of advance notice.
11:18:48  14              THE COURT:  All right.  Mr. Aldredge, I understand
11:18:53  15    that you have -- from your motion that you have spoken with
11:18:57  16    Ms. Williams, and she is amenable and agreeable to become
11:19:04  17    co-counsel in this case for sentencing, if I name her
11:19:06  18    co-counsel and arrange for her to be paid; is that correct?
11:19:11  19              MR. ALDREDGE:  Yes, Your Honor.  That is correct.  In
11:19:13  20    fact, we've had a telephone conference, both she and I and
11:19:22  21    Mr. Karr, and Mr. Karr also wishes for that to happen.
11:19:28  22              THE COURT:  All right.  Well, I will do that.  And
11:19:38  23    then I'm going to look at the existing scheduling order with an
11:19:41  24    eye toward January the 4th and will let you know whether the
11:19:44  25    existing order remains in effect and we're going to schedule a
```

```
11:19:47   1   sentencing hearing on January the 4th or whether I need to
11:19:50   2   adjust that date slightly.  I won't move it far off of that if
11:19:56   3   I have to move it.  We will still get it done in January.
11:20:01   4              So I think you have now answered all of my questions.
11:20:05   5   Is there anything further we ought to talk about at this point
11:20:09   6   while I've got you on the phone?
11:20:14   7              MR. ALDREDGE:  No, Your Honor.
11:20:14   8              MR. HARDING:  Not from the government.
11:20:15   9              THE COURT:  All right.  Thank you-all.  Have a good
11:20:17  10   day and have a good weekend.  Mr. Harding, Mr. Guess, I tried
11:20:20  11   to do this in the morning on Friday for the United States
11:20:25  12   Attorney's Office because I've learned over the years how much
11:20:27  13   you cherish your Friday afternoons.
11:20:33  14              MR. HARDING:  Thank you, Judge.
11:20:36  15              MR. ALDREDGE:  Thank you very much, Judge.
11:20:37  16         (End of transcript)
          17
          18
          19
          20
          21
          22
          23
          24
          25
```

```
 1  UNITED STATES DISTRICT COURT      )

 2  WESTERN DISTRICT OF TEXAS         )

 3       I, Arlinda Rodriguez, Official Court Reporter, United

 4  States District Court, Western District of Texas, do certify

 5  that the foregoing is a correct transcript from the record of

 6  proceedings in the above-entitled matter.

 7       I certify that the transcript fees and format comply with

 8  those prescribed by the Court and Judicial Conference of the

 9  United States.

10       WITNESS MY OFFICIAL HAND this the 31st day of March 2021.

11

12                                  /S/ Arlinda Rodriguez
                                    Arlinda Rodriguez, Texas CSR 7753
13                                  Expiration Date:  10/31/2021
                                    Official Court Reporter
14                                  United States District Court
                                    Austin Division
15                                  501 West 5th Street, Suite 4152
                                    Austin, Texas 78701
16                                  (512) 391-8791
```